Matter of the Estate of JOHN A. DAVIS, Deceased.

(Surrogate's Court, New York County, November, 1919.)

**Wills — construction of — trusts — codicils — remainders — intestacy — residuary estates.**

Where whatever construction of a will and codicil may be adopted there must be provided a $100,000 trust fund for testator's stepdaughter which it is clear must be arrived at " in one of the two ways and manner " set forth in separate paragraphs of the codicil and such directions are too precise to admit of providing the fund by resort in part to both ways, such course is not warranted even in an effort to avoid a finding of partial intestacy.

Misc.] Surrogate's Court, New York County, November, 1919.

The scheme of the testator by which as provided by one of the said paragraphs of the codicil a $200,000 trust fund would be set up for the life benefit of his widow and at her death an additional $100,000 would be provided for his step-. daughter, was to be operative in the event that the estate, which at his death amounted to about $360,000, should be sufficient to pay in full all bequests under the will and codicil aggregating $402,000. *Held,* that said paragraph could not be considered as " one of the two ways " mentioned in the codicil.

The language of said paragraph made it plain that the trust provided for the stepdaughter was not to take effect until after the death of her mother and it was clear that under the other and controlling paragraph, the trust for the stepdaughter was a present gift. The construction required by the language of the will is that in addition to a bequest of $25,000 the widow is the life beneficiary of a trust for $100,000 effective at the death of the testator with remainder to a sister, niece and nephew and that the stepdaughter is a life beneficiary of a trust for $100,000 effective at testator's death with remainders as provided in said controlling paragraph of the codicil, leaving the excess of the estate over $302,000 unbequeathed. *Held,* that the testator as to such excess died intestate, the will containing no residuary clause.

PROCEEDING for the construction of a will.

Bigelow & Wise (Henry A. Wise and Ernest A. Bigelow, of counsel), for executor.

Frueauff, Robinson & Sloan (Charles A. Frueauff and Robert S. Sloan, of counsel), for Frances Rice Davis, widow and legatee, and Amo Pauline Sessions, stepdaughter and legatee.

Alvin M. Higgins (Louis S. Harris and Randolph N. Souffront, of counsel), for Jane Davis Orth, sister and legatee.

Surrogate's Court, New York County, November, 1919. [Vol. 109.

J. Edward Downing, for Helen J. Davis MacDonald, niece and legatee, and Fred Davis, nephew and legatee.

Hardin & Hess (Harold B. Elgar and Clarence H. Knapp, of counsel), for David Davis, half-brother of the decedent.

Charles M. Bleecker, special guardian for infants John Sample Davis, Jr., Jane W. Davis and Elizabeth Davis, children of a deceased nephew.

COHALAN, S. This is a proceeding to construe the will and codicil of John A. Davis, who died December 28, 1918, leaving a widow, a stepdaughter, a sister, brothers, nieces and nephews of the full blood and a brother of the half blood and children of a deceased brother of the half blood.

The undisputed provisions of the will bequeath a total of $102,000, including $25,000 outright to the widow, $25,000 to the sister of the full blood, $25,000 in trust for the benefit of a brother of the full blood and two trust funds of $12,500 each for two children of a deceased brother of the full blood.

The parts of the codicil in dispute contain further trust provisions aggregating $300,000 for the benefit of the widow and stepdaughter. If the estate was sufficient to pay all bequests in full the codicil provided a trust fund for the life benefit of the widow in the sum of $200,000, with remainder to testator's sister, niece and nephew, and, after the death of the widow, an additional trust fund of $100,000 for the stepdaughter. By the " Third " paragraph of the codicil the widow is bequeathed the income for life from a trust fund of $200,000, with remainder over, " excepting and providing, however," that if the estate was insufficient to

Misc.]  Surrogate's Court, New York County, November, 1919.

pay all bequests in full, the stepdaughter is to receive the income of a trust fund of $100,000 " of said $200,000 during her life * * *." There was no residuary clause, and there results a perplexing situation by reason of the fact that the estate is not sufficient to provide the specific trust funds of $200,000 and $100,000 for the widow and stepdaughter respectively, which were expressly conditioned upon the estate being sufficient to pay all bequests, and yet the estate is about $60,000 in excess of the express bequests which constituted the alternative provisions in the event that the estate was insufficient to set up the $200,000 trust for the widow and the additional trust of $100,000 for the stepdaughter, after the death of the widow. The estate left by the testator is about $362,000. The sum required to pay all the bequests in the will is $402,000.

The chief difficulty arises in connection with the provisions for Amo Pauline Sessions, the daughter of the widow and the testator's stepdaughter. The codicil provides:

" It is my intention to provide for said Amo Pauline Sessions hereinabove mentioned, one (1) sum only of one hundred thousand ($100,000.00) dollars, in one of the two ways and manner above set forth."

All parties are agreed, and of course there is no doubt that whatever the construction adopted there must be provided a $100,000 trust fund for the stepdaughter. It is very clear that the provision for her must be arrived at " in one of the two ways and manner above set forth."

These two distinct and separate " ways " are found in the " Third " and " Fifth " paragraphs of the codicil. There can be no doubt that one and only one of these two ways must be adopted. The directions are too precise to admit of providing the fund by resort

in part to both ways specified. It is contrary to testator's express wishes to adopt one way and part of another way and make provision for the stepdaughter by attempting to fit or piece together or harmonize the two absolute alternatives. In my opinion such a procedure would not be warranted even in an effort to avoid a finding of partial intestacy. That would be to add to the will a clause or clauses expressly contrary to the testator's precisely expressed intention to make the provision " in one of the two ways and manner above set forth." Language so precise and definite must prevail over any general intention that rests upon presumption or conjecture. It is the intention as expressed in the will that governs.

The manner provided in the " Fifth " paragraph of the codicil is that by which a $200,000 trust fund would be set up for the life benefit of the widow and after her death an additional sum of $100,000 would be provided for the life benefit of the stepdaughter. But this scheme is to be operative " in the event that my estate shall be sufficient to pay all of the bequests in my said will provided in full." The bequests in the will and codicil aggregate $402,000, and the estate at the testator's death amounted to about $360,000. Argument is unnecessary therefore to demonstrate that the estate is not sufficient to pay all of the bequests in full and that this " Fifth " paragraph is not to be considered as " one of the two ways " above mentioned.

The only other way mentioned in the will is found in the " Third " paragraph of the codicil. This is the only plan, therefore, that may be followed. The " Third " paragraph is as follows:

" I give to my trustee, The Dollar Savings and Trust Company of Youngstown, Ohio, in trust, how-

ever, the sum of Two hundred thousand ($200,000.00) dollars, to invest and keep the same invested, and pay over the income or interest thereof to my wife, Frances R. Davis, during her life, and at her death I give and bequeath said Two hundred thousand ($200,000.00) dollars to my sister, Jane Davis Orth, and my niece, Helen J. Davis, and my nephew, Fred Davis, equally, share and share alike, excepting and providing, however, that if my said estate shall not be sufficient to carry out all of the bequests of my said will in full, then and in that case I direct that my trustee pay over to Amo Pauline Sessions, daughter of my wife, the interest and income of One hundred thousand ($100,000.00) dollars of the said Two hundred thousand ($200,000.00) dollars during her life, and at her death I give and bequeath said One hundred thousand ($100,000.00) dollars to her child or children, share and share alike. If, however, she shall die without issue, then and in that case I give and bequeath said One hundred thousand ($100,000.00) dollars to my sister, Jane Davis Orth, and my nephew, Fred Davis, and my niece, Helen J. Davis, equally, share and share alike. I also give, devise and bequeath the balance of said sum of Two hundred thousand ($200,000.00) dollars, to wit, One hundred thousand ($100,000.00) dollars, to my said sister, Jane Davis Orth, and my niece, Helen J. Davis, and my nephew, Fred Davis, equally, share and share alike, to be paid after the death of my wife.''

The above is plain and explicit. A total sum of $200,000 is to be provided in trust for both the widow and stepdaughter. The gift to the stepdaughter is as much a present gift as the gift to the widow, and there is no dispute as to when the gift for the widow takes effect. A construction that preserves the whole $200,000 for the benefit of the widow during her life,

with further provision for the stepdaughter after her mother's death, or which provides $100,000 as a trust for the stepdaughter with more than $100,000 for the benefit of the widow, adds to the said " sum of $200,000 so expressly provided as the total trust provision for both mother and stepdaughter." This is repugnant to the plain language of the will, which limits the total provision for the life of the widow and the stepdaughter to $200,000. A construction that postpones the erection of the trust for the stepdaughter until after the death of the wife does violence to the unambiguous language of the will, which plainly makes the bequest to the stepdaughter " during her life." The only condition is that the estate be sufficient to pay all bequests in full. This event is determinable at the death of the testator and not at the death of the widow. The time when the trust for the stepdaughter takes effect is at the death of the testator. In the " Fifth " paragraph it is made plain that the trust provided for the stepdaughter was not to take effect until after the death of the widow, and in the controlling third paragraph it is equally clear that the trust for the benefit of the stepdaughter is a present and is not a future gift.

In my opinion, therefore, the construction required by the language of the will is that in addition to the $25,000 bequest to her the widow is the life beneficiary of a trust in the sum of $100,000 effective at the death of the testator, with remainder to the sister, niece and nephew; and that the stepdaughter, Amo Pauline Sessions, is the life beneficiary of a trust for $100,000 effective at the death of the testator with remainder as provided in said " Third " paragraph of the codicil. This construction leaves the excess of the estate over $302,000 unbequeathed, and as there is no residuary clause, it follows that the testator died intestate as to such excess.

Although it is the duty of the court to favor a construction that will avoid intestacy, the effort in that direction should not go to the extent of refusing to give effect to the testator's plain language and of adding a substantial clause to the will.

The testator may not have intended any part of his estate to go to his brother, who he stated was amply provided for, and he may not have intended any relative of the half blood to share in his estate, but his will must be construed in the light of its dispositive provisions rather than what is thought to have been in the mind of the testator. The plain and unambiguous words of the will must prevail over a doubtful construction based on the situation or circumstances of the testator or of the estate. Even if there were evidenced in this will a general intention to dispose of the entire estate, such general intention could not enlarge a particular provision beyond its ordinary or legitimate meaning.

It may be noted that if the estate had exceeded $402,000 there would be no doubt at all that there would have been intestacy as to the excess over $402,000.

The construction found is not advocated by any of the parties in its entirety and is more favorable to the stepdaughter than is argued for her by her attorneys. The attorneys for the stepdaughter are the attorneys for the widow, and under their theory of construction the widow is the life beneficiary in a trust of $200,000, the daughter having a life interest in $100,000, contingent upon her surviving her mother. There is considerable adversity of interest between the mother's and daughter's interests in the various theories of construction presented to the court, and ordinarily such adversity of interest would require the daughter and mother to be represented by separate attorneys. The

Surrogate's Court, New York County, November, 1919.   [Vol. 109.

fact that the stepdaughter through her mother's attorneys does not urge her claim to the full, while advocating the greatest possible advantage for her mother, does not affect the duty of the court to give effect to what it considers the true construction of the will and codicil.

Decreed accordingly.